IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01935-PSF-MJW

PEOPLE'S SOURCE INTERNATIONAL, LLC;
WILLIAM MEGNEYS; and
ANNETTE MEGNEYS,

    Plaintiffs,

v.

UNITED STATES OF AMERICA; and
INTERNAL REVENUE SERVICE,

    Defendants.

## ORDER DISCHARGING ORDER TO SHOW CAUSE

THIS MATTER is before the Court on plaintiffs' response to the Court's Order to Show Cause (Dkt. # 10), filed October 12, 2005.  In their response, plaintiffs cite several statutes which they claim purport to vest subject matter jurisdiction in this Court over the matters alleged in their complaint.  The Court notes that 26 U.S.C. § 6304(a), referred to as the Fair Tax Collection Practices Act (not referenced in the complaint), provides, in pertinent part:

> **(A) Communication with the taxpayer** – Without the prior consent of the taxpayer given directly to the Secretary or the express permission of a court of competent jurisdiction, the Secretary may not communicate with a taxpayer in connection with the collection of any unpaid tax.–
>
> . . .
>
> **(2)** if the Secretary knows the taxpayer is represented by any person authorized to practice before the Internal Revenue Service with respect to such unpaid tax and has knowledge of, or can readily ascertain, such person's name and address, unless such person fails to respond within a reasonable period of time to

> a communication from the Secretary or unless such person consents to direct communication with the taxpayer . . . .

Title 26 U.S.C. § 6304(c) provides that civil actions under the section may be brought pursuant to 26 U.S.C. § 7433.  The latter cited section is titled "Civil Damages for Certain Unauthorized Collection Actions," and does not expressly provide for injunctive relief.  The Court, given the dearth of authority presented so far by plaintiffs, questions whether that statute would confer jurisdiction over plaintiff's complaint that seeks only injunctive relief.

The Court also notes that plaintiff's complaint does not allege that plaintiff's agent is a "person authorized to practice before the Internal Revenue Service with respect to such unpaid tax," but rather alleges only that he is "authorized and in good standing to practice law before governmental agencies and other matters."  Thus, plaintiffs' claims may be subject to dismissal.  *See Grant v. United States,* 289 F. Supp. 2d 1361, 1366-67 (S.D. Fla. 2003) (action based on § 7433 dismissed for failure to allege plaintiffs were represented by someone "authorized to practice before the Internal Revenue Service").

Therefore, the complaint is DISMISSED without prejudice, for failure to state a claim, but plaintiffs are granted leave to refile.  Plaintiffs shall file an amended complaint, if any, within ten days.

Dated: October 12, 2005

BY THE COURT:

s/ Phillip S. Figa
_____
Phillip S. Figa
United States District Judge