IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01935-PSF-MJW

PEOPLE'S SOURCE INTERNATIONAL, LLC;
WILLIAM MEGNEYS; and
ANNETTE MEGNEYS,

     Plaintiffs,

v.

UNITED STATES OF AMERICA; and
INTERNAL REVENUE SERVICE,

     Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

     THIS MATTER is before the Court on plaintiffs' Motion To Reconsider this Court's Order of October 12, 2005 which discharged the Court's Show Cause Order of October 11, 2005. That prior order directed plaintiffs to show cause why the case should not be dismissed for failure to plead a basis on which this Court could exercise subject matter jurisdiction over plaintiffs' complaint. In its Order discharging the Show Cause Order, this Court dismissed plaintiffs' complaint without prejudice, granting leave to file an amended complaint containing sufficient allegations to establish jurisdiction and provide a basis for the relief sought in the complaint and in a motion for temporary restraining order that was filed along with the original complaint.

     Rather than filing an amended complaint, plaintiffs have filed the present Motion to Reconsider. In a belated effort to cure the pleading deficiencies in the complaint,

plaintiffs now cite the Court to a reference to the Sixth Amendment which appears in the plaintiffs' amended motion for temporary restraining order. Needless to say, a passing reference to a constitutional amendment in a motion does not supply the averments required to be found in the complaint to set forth jurisdiction or state a viable claim. Furthermore, the Court notes the Sixth Amendment pertains to the right of a party to have representation in a criminal prosecution, which does not apply here.

In its Order discharging the Order to Show Cause, this Court accepted as a potential basis for jurisdiction a statute cited by plaintiffs prohibiting unfair collections practices by the Internal Revenue Service ("IRS"), including the making of communications regarding unpaid taxes with a taxpayer represented by an agent who is known to the IRS and is authorized to practice before the IRS. That statute however, only applies to an agent "authorized to practice before the Internal Revenue Service with respect to such unpaid tax." 26 U.S.C. § 6304(a)(2). The Court found no such allegation in the complaint or in the amended motion for temporary restraining order.

Plaintiffs now attach to their Motion to Reconsider what appear to be forms filed with the IRS indicating that plaintiffs have appointed the agent to represent them. These forms were not attached to any previously filed document presented to this Court. Nor do these forms necessarily demonstrate the statutory requirement that the agent is "authorized to practice before the" IRS. In any event, these forms still do not constitute proper pleadings before this Court. See F.R.Civ.P. 8(a).

As a Tenth Circuit panel stated in *Gross v. Burggraf Construction Co.*, 53 F.3d 1531 (10th Cir 1995), in a similar context: "Without a specific reference, we will not

search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury.  Judges are not like pigs, hunting for truffles buried in briefs." 53 F.3d at 1546 (internal quotations and citations omitted). Here too, this Court is not obliged to search through the record to find oblique references or documents where the complaint is silent as to the identity of a viable claim or the jurisdiction to entertain the relief sought.

      The Motion to Reconsider is DENIED.

      Dated: October 17, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge