IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01935-PSF-MJW

PEOPLE'S SOURCE INTERNATIONAL, LLC, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

---

**RECOMMENDATION ON PLAINTIFFS' MOTION FOR COSTS, DETERMINATION OR SETTLEMENT; OR REJECTION OF SETTLEMENT [SIC]**
**(DOCKET NO. 31)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on the Plaintiffs' Motion for Costs, Determination or Settlement; or Rejection of Settlement [sic] (docket no. 31). The court has reviewed the motion, response, and reply. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This case was set before Magistrate Judge Watanabe for a Rule 16 Scheduling Conference on December 19, 2005. During the Rule 16 Scheduling Conference, the Plaintiffs agreed to withdraw their motion captioned Plaintiffs' Renewed Motion for

2

Temporary Restraining Order (docket no. 21), and Defendants agreed to withdraw their motion captioned Defendants' Motion to Dismiss (docket no. 18). Moreover, the parties agreed that the only remaining issue to be determined by this court in this litigation concerned the issue of attorney fees. Accordingly, all issues in this case have been settled except for the attorney fees issue.

In this case, Defendant Linda Farmer sent to Plaintiff's counsel, J. David Hopkins, a letter dated December 15, 2005. See docket no. 38-3. This letter states, in pertinent part:

> Dear Mr. Hopkins:
>
> > The purpose of this letter is to inform you that the Internal Revenue Service hereby retracts the letter dated September 28, 2005, which informed you of the Service's Intention to by pass you as the power of attorney for People Source International LLC and William and Annette Megneys. While it is the position of the Service that the By Pass letter dated September 28, 2005 was properly issued under Manual Section 5.1.1.7.7, it has been determined that it is in the best interests of all parties for the Service to retract the letter.

Here, the court finds that pursuant to 26 U.S.C. § 7430(b)(1), a court shall not award reasonable litigation costs in any civil tax proceeding under 26 U.S.C. § 7430(a) unless the court determines that the prevailing party has exhausted the administrative remedies available to the party within IRS Treasury Regulations. The Plaintiffs admit that they did not comply with the above requirements and admit they did not file any written claim for relief with the IRS. See Plaintiff's Subject Motion (docket no. 31) at page 7. Accordingly, Plaintiffs have not complied with the requirements of 26 U.S.C. § 7430(b)(1) and, therefore, are not entitled to any further relief.

3

The court further finds that in order to recover an award of either administrative or litigation costs under 26 U.S.C. § 7430, Plaintiffs must be the "prevailing party" as defined in 26 U.S.C. § 7430(c)(4).  See 26 U.S.C. § 7430(a).  Moreover, 26 U.S.C. § 7430(c)(4) provides that a party "shall not be treated as the prevailing party" if the United States establishes that its position "in the proceeding was substantially justified."  26 U.S.C. § 7430(c)(4)(B).  Thus, if the United States shows that its position in this case was substantially justified, then no award of costs or fees can be ordered by the Court.

In this case, Plaintiffs did not exhaust their administrative remedies as required above.  In addition, Plaintiffs are not prevailing parties as defined under 26 U.S.C. § 7430(c)(4).  This court never entered an order for declaratory relief or injunctive relief in favor of Plaintiffs.  In fact, Plaintiffs' Renewed Motion for Temporary Restraining Order (docket no. 21) was withdrawn by Plaintiffs at the Rule 16 Scheduling Conference held on December 19, 2005.  Defendant Farmer's letter dated December 15, 2005, to Plaintiffs' counsel Mr. Hopkins is not an order of this court in favor of the Plaintiffs and against the Defendants, and such letter was never ratified by this court.  Therefore, it cannot be considered as a basis for determining who is the prevailing party in this case.  Furthermore, the parties settled all issues except the attorney fees issue by agreement at the Rule 16 Scheduling Conference held on December 19, 2005, before Magistrate Judge Watanabe, and such settlement is not a basis to suggest that the Plaintiffs are the prevailing parties in this case.

4

## RECOMMENDATION

Based upon these findings of fact and conclusions of law, the court

**RECOMMENDS:**

1. That Plaintiffs' Motion for Costs, Determination or Settlement; or Rejection of Settlement [sic]  (docket no. 31) be **DENIED.**

2. That each party pay their own attorney fees and costs.

3. That this case be **DISMISSED WITH PREJUDICE.**

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written specific objections WILL PRECLUDE the party from a *de novo* determination by the District Judge, United States v. Raddatz, 447 U.S. 667, 676-83 (1980), and also WILL PRECLUDE appellate review of both factual and legal questions, Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 24th day of February 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge